COMMONWEALTH of Pennsylvania,
Appellant

v.

**5043 ANDERSON ROAD, BUCKINGHAM TOWNSHIP, BUCKS COUNTY, Pennsylvania, also known as Tax Map Parcel 6–14–99, as Recorded in Deed Bk 2605, Page 228 of the Bucks County Recorder of Deeds.**

COMMONWEALTH of Pennsylvania

v.

**5043 ANDERSON ROAD, BUCKINGHAM, TOWNSHIP, BUCKS COUNTY, Pennsylvania, also known as Tax Map Parcel 6–14–99, as Recorded in deed Bk 2605, Page 228 of the Bucks County Recorder of Deeds.**

**Cyrus T. Kinney, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1997.

Decided Aug. 12, 1997.

---

Stephen B. Harris, Doylestown, for appellant.

Albert J. Cepparulo, New Hope, for appellee.

Before SMITH and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

The Commonwealth of Pennsylvania and Cyrus T. Kinney (Kinney) appeal from an order of the Court of Common Pleas of Bucks County (trial court) which ordered the forfeiture of Kinney's residence, detached garage and two-acre curtilage.

On November 21, 1994, Kinney was arrested and charged with possession of a controlled substance with the intent to deliver.[1] Kinney pled guilty to the charge and was sentenced to one to two year imprisonment. The Commonwealth thereafter filed a petition for forfeiture of the property owned by Kinney, pursuant to Section 6801–6802 of the Judicial Code, 42 Pa.C.S. §§ 6801–6802, commonly referred to as the Controlled Substances Forfeiture Act (Forfeiture Act), which requires forfeiture of real property used or intended to be used to facilitate violations of·The Controlled Substance, Drug, Device and Cosmetic Act.

Kinney filed motions to dismiss the petition, alleging that forfeiture of the property would violate the Double Jeopardy Clause of the Constitution and would be disproportionate and excessive, and that there was a lack of a significant relationship between the offenses and the property sought to be forfeited. The parties submitted a stipulation of facts substituting for testimony and exhibits. The trial court held that forfeiture of the property does not violate the Double Jeopardy Clause, relying on this Court's decision in *Commonwealth v. Wingait,* 659 A.2d 584 (Pa. Cmwlth.1995), which held that the forfeiture of a 130–acre horse farm, twenty-seven horses and personal property was remedial, rather than punitive in nature. The trial court then found that only the house and the two-acre curtilage were used to facilitate the violation of the Drug Act and were therefore subject to a forfeiture. As to the remaining 22 acres, the trial court held, relying on *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), that forfeiture of that portion of the property would constitute an excessive fine under the Eighth Amendment to the United States Constitution. The trial court accordingly ordered that only the house, garage and surrounding two-acre curtilage be forfeited to the Commonwealth. Both the Commonwealth and Kinney appealed the trial court's decision to this Court.

On appeal, the Commonwealth argues that (1) the trial court erred in dividing up the property contained in a single deed for the purpose of forfeiture and (2) that the issue of the division of the property was waived by Kinney's failure to raise it before the trial court. Kinney argues that (1) the forfeiture violates the Double Jeopardy Clause; (2) the forfeiture was disproportionate to the underlying criminal acts and (3) the trial court erred in finding that the forfeited property had a significant relationship to the underlying criminal offenses.

We first consider the Commonwealth's argument that the trial court erred

---

1. Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–113(a)(30).

in ordering a forfeiture of a portion of the property where the statute specifies that the property shall be forfeited in the whole.[2] In *United States v. Sarbello*, 985 F.2d 716 (3rd Cir.1993), the Court of Appeals held that courts may reduce an otherwise mandatory statutory 100% penalty on the basis of the Excessive Fines Clause of the Eighth Amendment. In the case before us, the trial court cited the Excessive Fines Clause as its reason for ordering the forfeiture of only a portion of the property. Under the holding of *Sarbello*, the trial court could properly order only a partial forfeiture of the property.[3]

We next consider the issues raised by Kinney. Kinney first argues that the forfeiture of his property violated the Double Jeopardy Clause of the Pennsylvania Constitution, Article I, Section 10. Kinney contends that having been convicted and sentenced for selling drugs, he could not be punished by way of forfeiture for the same crime which underlies his criminal conviction.

In *Commonwealth v. Wingait Farms*, 547 Pa. 332, 690 A.2d 222 (1997), our Supreme Court considered the identical issue. In that case, George Reitz, the landowner, was convicted of several drug-related crimes. The Commonwealth filed a forfeiture petition seeking forfeiture of Reitz' farm and twenty-seven horses. After a jury trial, the farm and the horses were forfeited to the Commonwealth. On appeal, Reitz argued, *inter*

*alia*, that the forfeiture violated both the federal and state Double Jeopardy Clauses and that the forfeiture was an excessive fine.

As to the double jeopardy argument, the Court applied the two-part test set forth in *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984), which requires a court to first determine whether the forfeiture was civil or criminal in nature and then to determine whether the forfeiture was so punitive that it may not be viewed as civil in nature. Applying that test to the case at hand, the Court first concluded that the legislature intended forfeitures brought pursuant to Section 6801 of the Forfeiture Act to be civil in nature. The Court also concluded that Reitz did not meet his burden to show by the clearest proof that the forfeiture proceedings were either so punitive in effect or in purpose as to negate the legislature's intent that the proceedings be civil.

The Court in *Wingait Farms* thus rejected the argument that a forfeiture of property under Section 6802 of the Forfeiture Act was an additional criminal penalty for purposes of the Double Jeopardy Clause.

Kinney also argues that the forfeiture of his house, garage and 2-acre curtilage constitutes an excessive and disproportionate fine.[4] In *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the United States Supreme Court held that the excessive fines provision of the Eighth Amend-

---

2. Section 6801 of the Forfeiture Act pertinently provides:
   (a) **Forfeitures generally.**—The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:
   . . . .
   (6) (i) All of the following:
   . . . .
   (C) Real property used or intended to be used to facilitate any violation of The Controlled Substance, Drug, Device and Cosmetic Act, including structures or other improvements thereon, and including any right, title and interest in the whole or any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of The Controlled

Substance, Drug, Device and Cosmetic Act, and things growing on, affixed to and found in the land.

3. The Commonwealth contends that Kinney waived the argument of the division of the property because he failed to raise this issue before the trial court. We disagree. Kinney raised three issues before the trial court, one of which was an argument that the forfeiture of his entire property would constitute an excessive fine. Thus, the issue was presented to the trial court and the trial court did not err in considering the issue.

4. The value of the house and surrounding two acres, as appraised by Kinney's appraiser is $235,000.

ment applies to drug-related forfeiture of property to the United States under 21 U.S.C. § 881(a)(4) and 881(a)(7) because such a forfeiture constitutes a payment to the government as a punishment. The Court held that it was immaterial whether the forfeiture was civil or criminal. The Court declined to establish a multifactor test to determine whether a forfeiture is constitutionally excessive. The Court left it to the lower courts to consider that question in the first instance.

■ In *In Re King Properties*, 535 Pa. 321, 635 A.2d 128 (1993), our Supreme Court set forth a standard for determining whether a forfeiture is violative of the excessive fines provision of the Pennsylvania Constitution.[5] The Court stated:

> In determining whether a forfeiture is an excessive fine, and therefore disproportionate, the inquiry does not concern the value of the thing forfeited, but the relationship of the offense to the property which is forfeited. If the forfeited property was significantly used in the commission of the offense, the item may be forfeited regardless of its value.

> Where the evidence is that the criminal incident on which the forfeiture is based is not part of a pattern of similar incidents, there is no 'significant' relationship between the property sought to be forfeited and the offense.

*Id.* at 329, 635 A.2d 128.

In the case before us, a search of the property was conducted on November 21, 1994, pursuant to a valid search warrant and the following items were discovered in the basement: a safe containing three containers full of marijuana, weighing a total of 5.45 pounds; $4000 in cash; two tins of marijuana, weighing 160 grams, located inside a filing cabinet, a ledger containing records of

drug transactions, a triple beam scale, and baggies and rolling paper. (Findings of Fact no. 9.) Found in the living room were 17.5 grams of marijuana, "roaches," seeds and paraphernalia. *Id.* A check for $200 payable to Kinney was found in the kitchen. *Id.* The person who wrote the check was also searched and 27.23 grams of marijuana were found on him. *Id.*

Based on the testimony of two witnesses, the trial court found that Glen Bierman began purchasing marijuana from Kinney in 1992; that he purchased marijuana from Kinney between six to eight times; in October, 1994, the marijuana purchase took place in Kinney's garage; and, in November, 1994, the transaction took place in Kinney's house. The trial court additionally found that Arnulf Krulla began purchasing marijuana from Kinney in 1990; the normal procedure for a purchase of marijuana was that he and Kinney would go to the basement, Kinney would remove the marijuana from a small container located inside the filing cabinet, Kinney would then weigh the marijuana on a triple beam scale and then place the marijuana in a plastic baggies for Krulla to take; and between 1990 and 1994, he saw 10 to 12 other customers inside the house on 15 to 20 different occasions. The trial court also found that over the years, Krulla had purchased $9000 to $9500 worth of marijuana, always at Kinney's house.

■ The evidence and findings of the trial court are sufficient to establish that Kinney used his residence and garage on more than one occasion to facilitate illegal drug transactions. Accordingly, the trial court did not err in concluding that the Commonwealth had established a significant relationship between the property forfeited and the sale of drugs.[6]

The order of the trial court in affirmed.

## ORDER

AND NOW, this *12th* day of *August,* 1997, the order of the Court of Common

---

5. The Court in *King* noted that the excessive fines provisions of the Pennsylvania Constitution and the United States Constitution are virtually identical. Therefore, the analysis of whether the forfeiture is an excessive fine under the Pennsylvania Constitution is equally applicable to the excessive fine clause of the Eighth Amendment to the United States Constitution.

6. Kinney relies on federal court cases which require a proportionality analysis be conducted in forfeiture proceedings, considering the severity

Pleas of Bucks County in the above-captioned matter is hereby affirmed.

of the offense, the harshness of the sanction imposed and the culpability of the claimant. Pennsylvania courts are not bound by the decisions of the federal courts, except those of the United States Supreme Court. *Anselma Station v. Pennoni Associates,* 654 A.2d 608, 619 Fn. 5 (Pa.Cmwlth.1995).