728 A.2d 907

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**5043 ANDERSON ROAD, BUCKINGHAM TOWNSHIP, BUCKS COUNTY, Pennsylvania, a/k/a Tax Map Parcel 6–14–99 as Recorded in Deed Book 2605, Page 228, Bucks County Recorder of Deeds, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1998.

Decided April 20, 1999.

336

T. Gary Gambardella, Chief Dep. Dist. Atty., Stephen E. Harris, Warrington, for Com.

Albert J. Cepparulo, Philadelphia, for Cyrus T. Kinney.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

### OPINION OF THE COURT

FLAHERTY, Chief Justice.

The facts in this appeal are undisputed and present an issue of first impression relating to in rem forfeiture proceedings. Cyrus Kinney owned and lived in a residence on an approximately twenty-four-acre parcel of land, described in a single recorded deed, which he had inherited from his mother. For several years, he had conducted a lucrative business selling marijuana from the residence and a detached garage adjacent to the house. Following an undercover investigation, police obtained a search warrant and searched Kinney's house. In the house, they discovered Kinney, his wife and two-month-old

son, and several quantities of marijuana, along with sales records, cash, and paraphernalia normally associated with drug transactions and use.

Kinney was arrested and charged with offenses related to the possession and sale of controlled substances. He pled guilty to all charges and was sentenced to one to two years incarceration plus court costs. The commonwealth then filed a forfeiture petition pursuant to the Controlled Substances Forfeiture Act, 42 Pa.C.S. §§ 6801 et seq., which requires the forfeiture of real property used or intended to be used to facilitate violations of 35 P.S. § 780–101, the Controlled Substance, Drug, Device and Cosmetic Act. The matter was submitted to the trial court on stipulated facts and the court granted the forfeiture petition, but limited the forfeiture to the property directly related to the criminal activity and excluded twenty-two acres deemed unrelated. Both parties appealed to Commonwealth Court. That court affirmed. The commonwealth filed a petition for allowance of appeal to this court which we have granted.

We granted allocatur in this case to determine whether, pursuant to the forfeiture act, a trial court may order a partial forfeiture of property when the court determines that a forfeiture of the entire property would constitute an excessive fine. Section 6801 of the act provides:

(a) Forfeitures generally.–The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:

. . . .

(6) (i) All of the following:

. . . .

(C) *Real property used or intended to be used* to facilitate any violation of The Controlled Substance . . . Act, including structures or other improvements thereon, and including any right, title and interest in the whole *or any lot or tract of land* and any appurtenances and improvements, *which is used or intended to be used,* in any manner or part, to

commit, or to facilitate the commission of, a violation of [the act], and things growing on, affixed to and found in the land. 42 Pa.C.S. § 6801(a)(6)(i)(C)(emphasis added). Additionally, section 6802 of the act provides that if the commonwealth produces evidence that property was used to facilitate commission of the crime, the burden shifts to the owner to show that the property was not so used. 42 Pa.C.S. § 6802(j).

We determined that the excessive fines provision of the Pennsylvania constitution applied to the forfeiture act in *In re King Properties*, 535 Pa. 321, 635 A.2d 128 (1993). *King* set forth the standard for determining whether a forfeiture violates the Pennsylvania constitution, stating:

> [I]n determining whether a forfeiture is an excessive fine, and therefore disproportionate, the inquiry does not concern the value of the thing forfeited, but the relationship of the offense to the property which is forfeited. If the forfeited property was significantly used in the commission of the offense, the item may be forfeited regardless of its value.
>
> Where the evidence is that the criminal incident on which the forfeiture is based is not a part of a pattern of similar incidents, there is no "significant" relationship between the property sought to be forfeited and the offense. Otherwise, significant property interests might become forfeit based on an unusual and unaccustomed incident.

*King, supra*, at 133.[1] Furthermore, in *Commonwealth v. Wingait Farms*, 547 Pa. 332, 690 A.2d 222 (1997), we stated that a "constitutionally 'excessive' forfeiture, therefore, would be one in which the property was not significantly utilized in the commission of the drug-related offense." *Id.* at 227. In other words, for a property to bear a sufficiently significant relationship to the crime to be subject to forfeiture pursuant

---

1. In *King*, we quoted Mr. Justice Scalia who wrote,

   Scales used to measure out unlawful drug sales, for example, are confiscable whether made of the purest gold or the basest metal. But an in rem forfeiture goes beyond the traditional limits that the Eight Amendment permits if it applies to property that cannot properly be regarded as an instrumentality of the offense. ... .

   *King* at 132, n. 10 (citing *Austin v. United States*, 509 U.S. 602, 627, 113 S.Ct. 2801, 2815, 125 L.Ed.2d 488, 509 (1993)(Scalia, J., concurring)).

to this section of the statute, it must have played some role in the commission of the crime.

Appellant argues that because the statute does not explicitly provide for the division of real property, all property described in the deed must be forfeited. However the language of the statute plainly limits forfeiture to only that property, including any "tract of land," which is actually "used or intended to be used" in furtherance of the criminal activity. In this case, appellant did not present any evidence to indicate that any of the property excluded by the trial court was ever used or intended to be used illicitly. Only the house and adjoining area actually forfeited were so used; the excluded property played no role in Kinney's drug activity.

Next appellant argues that allowing trial courts to determine which properties are or are not used in the furtherance of criminal activities will lead to absurd results. Appellant attempts to illustrate this point by presenting, as an example, a scenario where a trial court would exempt from forfeiture the engine of a stationary vehicle from which drug deals are transacted or order an unused radio removed from the vehicle prior to forfeiture. However, appellant ignores the absurd results which would occur if we were to adopt its approach to forfeiture. In that event, the commonwealth would have the ability to legally seize a tract of land of unlimited size, so long as it is described in a single deed, once it shows that a single marijuana plant was discovered growing anywhere upon it. We are confident that the trial courts are capable of exercising a more common sense approach when determining the extent to which property is involved in illegal conduct.

Trial courts are in the best position both to find the facts, and also to determine their weight and credibility. The burden is on the commonwealth to produce evidence that all property sought to be forfeit was used to facilitate commission of the crime. When the commonwealth meets this burden and the illicitly used property is not practicably divisible, the entire property is forfeit. When the commonwealth meets its burden with respect to only a portion of the property and the

property is practicably divisible, only the property shown to have been illicitly used is forfeit.

Appellant also argues that the property should not have been divided because it is described in a single deed. This argument lacks merit. The fact that the entire property was the subject of a single deed is not dispositive as to its divisibility. Had he been so inclined, Kinney could have sold any portion of the tract, thus reducing its size. The forfeiture of the two-acre parcel is simply a forced conveyance of property that Kinney himself could have executed freely.

In sum, appellant did not present any evidence to indicate that any of the property excluded by the trial court was ever used or intended to be used illicitly. The commonwealth, therefore, has not met its burden of showing a relationship between the property and the criminal activity except as to the house and adjoining area. Moreover, it is practicable to divide the property shown to have been used in the criminal activity from the remainder. Requiring Kinney to forfeit property bearing no relationship to his criminal activity would constitute an excessive fine.

Order affirmed.