**COMMONWEALTH of Pennsylvania,**

v.

**The REAL PROPERTY AND IMPROVEMENTS commonly known as 5444 Spruce Street Philadelphia, Pa. and Elizabeth A. Lewis.**

**Appeal of: Elizabeth A. Lewis.**

Commonwealth Court of Pennsylvania.

Argued June 4, 2001.
Decided Dec. 20, 2001.

James A. Keller, Philadelphia, for appellant.

Jonathan M. Levy, Philadelphia, for appellee.

Before COLINS, J., McGINLEY, J., and FLAHERTY, Senior Judge.

COLINS, Judge.

Lewis appeals from the October 31, 2000 order of the trial court granting the Commonwealth of Pennsylvania's petition for forfeiture, and forfeiting and transferring Lewis' house to the custody of the Philadelphia County District Attorney's Office pursuant to the Controlled Substances Forfeiture Act (Forfeiture Act), 42 Pa.C.S. §§ 6801–6802. On August 17, 2001, this Court filed an opinion and order affirming the order of the Court of Common Pleas of Philadelphia County (trial court) in the above-captioned matter.[1] Thereafter, we granted reconsideration to revisit the issue of the whether Lewis waived her argument that the forfeiture of her house is an unconstitutionally excessive fine because it is "grossly disproportional" as delineated in *United States v. Bajakajian*, 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998). Upon reconsideration, we again affirm the judgment of the trial court.

---

1. The original appeal was argued before a panel of this Court on June 4, 2001.

Lewis owned a house at 5444 Spruce Street in Philadelphia. On February 20, 1995, an undercover Philadelphia police officer went to Lewis' house and purchased a $5.00 packet of crack cocaine and a $5.00 packet of marijuana. The Philadelphia Police returned to the residence to execute a search warrant and seized eleven packets of marijuana and five packets of crack cocaine. Lewis was arrested and pleaded guilty to one count of possession with the intent to deliver a controlled substance in violation of The Controlled Substance, Drug Device and Cosmetic Act.[2]

On March 8, 1995, the Commonwealth filed a petition to forfeit Lewis' residence pursuant to Section 6801 of the Forfeiture Act.[3] The trial court sentenced Lewis to serve a two-year term of probation after she pleaded guilty to one count of possession with intent to deliver a controlled substance. A hearing was held on September 25 and 26, 1996, in regard to the Commonwealth's petition for forfeiture. The Commonwealth introduced the testimony of Officer Willie Jones, Detective Charles Meissler, Tarik Chapman, and Carole Wiener.

Officer Jones testified that on February 20, 1995, he knocked at the door of Lewis' home. After a brief conversation, Lewis asked Officer Jones if he wanted weed or crack. He agreed to purchase one packet of crack cocaine and one packet of marijuana and gave her $20.00 in pre-recorded money. Officer Jones testified that Lewis retreated into her residence for approximately a minute and a half and returned with one packet of crack cocaine, one packet of marijuana, and $10.00 in change. (Notes of Testimony, 9/25/96, pp. 76–83.)

Detective Meissler testified that on February 21, 1995, after obtaining a search warrant, he entered the subject premises and found eleven red-tinted packets of marijuana, five clear packets of crack cocaine, and $20.00 in United States currency. (Notes of Testimony, 9/26/95, pp. 33–34.) He also testified that when Lewis was arrested, a red-tinted packet of marijuana was recovered. (Notes of Testimony, 9/26/95, p. 36.)

Tarik Chapman was a juvenile at the time of the hearing and was in juvenile criminal custody stemming from his assault of Lewis. Chapman testified that Lewis supplied him with drugs at her house. (Notes of Testimony, 9/25/96, pp. 91–92.) He testified that he purchased drugs from Lewis and her daughter every couple of days for a couple of months. (Notes of Testimony, 9/25/96, p. 95.) Chapman stated that the normal procedure for a purchase of marijuana or cocaine was that he would ring the bell to Lewis' residence, Lewis would ask how much marijuana or cocaine he wanted, she would retreat into her house and return within one to two minutes with the drugs.

**2.** Act of April 14, 1972, P.L. 233 *as amended,* 35 P.S. §§ 780–101—780–144.

**3.** Section 6801 of the Forfeiture Act provides, in pertinent part:
  (a) Forfeitures generally. The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:
  * * *
  (6)(i) All of the following:
  * * *
  (C) Real property used or intended to be used to facilitate any violation of The Controlled Substance, Drug, Device and Cosmetic Act, including structures or other improvements thereon, and including any right, title and interest in the whole or any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of The Controlled Substance, Drug, Device and Cosmetic Act ...
  42 Pa.C.S. § 6801(a)(6)(i)(C).

(Notes of Testimony, 9/25/96, pp. 93–94.) He stated that he usually purchased between $40.00 and $50.00 worth of drugs and was sometimes accompanied by friends who purchased marijuana. (Notes of Testimony, 9/25/96, p. 97.) Chapman also testified that he did not enter into any agreement with the District Attorney's Office in exchange for his testimony at the hearing. (Notes of Testimony, 9/25/96, p. 101.) Carole Wiener, the chief attorney in the District Attorney's Juvenile Unit, testified that her office had not entered into any agreement with Chapman in exchange for his testimony. (Notes of Testimony, 9/26/96, pp. 11–12.)

Lewis testified that the drugs found in her house were not hers and that she did not sell drugs to Chapman. (Notes of testimony, 9/26/96 pp. 124, 127.)

The trial court granted the Commonwealth's motion to forfeit Lewis' residence. Lewis then filed an appeal to the Superior Court, which was transferred to the Commonwealth Court. In this Court's first opinion, *Commonwealth v. The Real Property and Improvements Commonly Known As 5444 Spruce Street, Philadelphia, PA (5444 Spruce Street I)*, 748 A.2d 238 (Pa.Cmwlth. No. 903 C.D.1997, filed February 29, 2000), this Court found that the trial court erred in failing to apply the correct burden of proof in determining that the forfeiture of her residence did not violate the Excessive Fines Clauses of the Eighth Amendment to the United States Constitution and Article 1, Section 13 of the Pennsylvania Constitution. Consequently, we remanded the matter instructing the trial court to consider the evidence using the clear and convincing standard in disposing of Lewis' excessive fine claim.[4]

On remand, the trial court found that the Commonwealth met its burden of proving its petition by clear and convincing evidence and that the motion to forfeit was properly granted. The trial court emphasized that at the forfeiture hearing, it was established that Lewis owned the home on 5444 Spruce Street, she sold drugs to Officer Jones on one occasion, and sold drugs to Chapman on more than one occasion. The trial court went on to state,

> It was clear from the Commonwealth's evidence as well as Lewis' own testimony that she was aware of drugs in her home, she had her daughter get drugs for her to consume, she left the drugs both downstairs in her purse as well as in her clothes, and that she participated in the sale of drugs from her home.

(Remand Opinion, p. 3.) Finding Lewis' testimony incredible, the trial court held that there was clear and convincing evidence that she engaged in a continuous pattern of drug trafficking at 5444 Spruce Street. Lewis appealed to this Court.

■ Lewis raises two issues for our review.[5] First, Lewis avers that the forfeiture of her house is an unconstitutionally excessive fine because it is "grossly disproportionate" as delineated in *United States v. Bajakajian*, 524 U.S. 321, 118

---

4. In *5444 Spruce Street I*, this Court resolved three of the five issues raised by Lewis on appeal. As stated, the fourth issue was remanded directing the trial court to apply the correct burden of proof in considering the Commonwealth's petition for forfeiture. This Court did not consider Lewis fifth issue regarding whether the forfeiture of her residence violates the Excessive Fines Clauses of the United States and Pennsylvania Constitutions due to the remand order.

5. Our scope of review in an appeal from a forfeiture proceeding is limited to examining whether findings of fact made by the trial court are supported by substantial evidence, and whether the trial court abused its discretion or committed an error of law. *Strand v. Chester Police Department*, 687 A.2d 872 (Pa. Cmwlth.1997).

S.Ct. 2028, 141 L.Ed.2d 314 (1998). Second, Lewis contends that the trial court erred in concluding that there was clear and convincing evidence that Lewis' house was used for a pattern of illegal conduct.

In its reply brief, the Commonwealth avers that while Lewis preserved her Pennsylvania Constitutional excessive fine claim that her house was not substantially used in drug trafficking under the clear and convincing standard of proof, she did not preserve a United States Constitutional excessive fine claim that the forfeiture was grossly disproportionate as expounded in *Bajakajian*.

In *In re King Properties*, 535 Pa. 321, 635 A.2d 128 (1993), the Pennsylvania Supreme Court stated that the excessive fines provisions of the Pennsylvania Constitution and the United States Constitution are virtually identical. *See also Commonwealth v. 5043 Anderson Road, Buckingham Township, Bucks County*, 699 A.2d 1337 (1997), *affirmed*, 556 Pa. 335, 728 A.2d 907 (1999). The court in *King Properties* ruled that an item can be forfeited regardless of value as long as the property was significantly used in the commission of the offense.

■ However, in *Bajakajian*, which was decided on June 22, 1998, the U.S. Supreme Court announced the "grossly disproportional" test for forfeiture proceedings. *Bajakajian* was decided after the forfeiture hearings took place in this case. Under the principle of proportionality, a forfeiture violates the Excessive Fines Clause if it "is grossly disproportional to

the gravity of a defendant's offense...." *Bajakajian*, 524 U.S. at 337, 118 S.Ct. 2028.[6] Factors to be considered in assessing a forfeiture's constitutionality include the gravity of the offense, the property's relatedness to other illegal activities, the severity of fine or criminal sentencing that results from the illegal activity, and the harm done to the government. *Id.* at 338–40, 118 S.Ct. 2028.

Lewis avers that she raised a proportionality argument under the United States Constitution in her new matter and points to several places in the record for preservation of this issue. Lewis alleged in paragraph No. 10 of her new matter, "The forfeiture of the above captioned premises would constitute an excessive fine in violation of the Eighth Amendment to the United States Constitution and Article 1, Section of the Pennsylvania Constitution." (*See* Answer and New Matter in Response to Petition for Forfeiture Pursuant to 42 Pa.C.S. § 6801 *et. seq.*) A review of Lewis' initial briefs to this Court reveal that Lewis raised a proportionality claim in her first appeal[7] to the Commonwealth Court in *5444 Spruce Street I*, and we will now address this issue.

■ Applying *Bajakajian* to the forfeiture of 5444 Spruce Street, we conclude that the forfeiture is not grossly disproportional to the offense. On April 24, 1995, Lewis pled guilty to violation of Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act)[8] relating to the manufacture and de-

6. The market value of Lewis' home was never introduced at her forfeiture hearing.

7. In Lewis' brief to this Court in *5444 Spruce Street I*, Lewis states in her Summary of Argument,

The civil forfeiture of Ms. Lewis' home is an unconstitutional Excessive Fine under *United States v. Bajakajian*, 524 U.S. 321, 336–37, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998).

Forfeiture of her home of thirty-four years is grossly disproportionate to Ms. Lewis' crime and to her culpability.

(Lewis' Brief in *5444 Spruce Street I*, p. 11). Lewis further addresses *Bajakajian* in pages 12 through 20 of her brief in *5444 Spruce Street I*.

8. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–113(a)(30).

livery of a controlled substance. Drug trafficking is a very serious crime. There is evidence that Mr. Chapman purchased marijuana and crack cocaine several times a day on numerous occasions from Lewis at 5444 Spruce Street and that he was aware of others who did so as well. (Notes of Testimony, 9/25/96, pp. 91–97, 147–148, 154.) Lewis sold narcotics to a juvenile and an undercover police officer in her home in an effort to maintain privacy and there is evidence that the house was the base of ongoing drug transactions. She also admitted to purchasing and using drugs from her daughter who also lived in the premises. (Notes of Testimony, 9/26/96, pp. 147–149, 173.) Lewis' crime endangered the neighborhood and the harm caused to society is self-evident. Her admitted drug trafficking exacted a heavy toll from government resources and has wide ranging effects that weigh in favor of the forfeiture of her house. Therefore, we conclude that no constitutional rights are infringed upon by this forfeiture.

■ As to the second issue on review, in *King Properties,* our Supreme Court set forth a standard for determining whether a forfeiture is violative of the excessive fines provision of the Pennsylvania Constitution. The Court stated:

[I]n determining whether a forfeiture is an excessive fine, and therefore disproportionate, the inquiry does not concern the value of the thing forfeited, but the relationship of the offense to the property which is forfeited. If the forfeited property was significantly used in the commission of the offense, the item may be forfeited regardless of its value.

Where the evidence is that the criminal incident on which the forfeiture is based is not part of a pattern of similar incidents, there is no "significant" relationship between the property sought to be forfeited and the offense.

*King Properties,* 535 Pa. at 331, 635 A.2d at 133. The opinion went on to state that it is the Commonwealth's burden to establish by clear and convincing evidence that the criminal conduct is not a onetime occurrence.

In *5444 Spruce Street I,* we cited *Matter of Larsen,* 532 Pa. 326, 333, 616 A.2d 529, 532 (1992) *cert. denied.,* 510 U.S. 815, 114 S.Ct. 65, 126 L.Ed.2d 34 (1993) (emphasis and citations omitted) stating that this burden of clear and convincing evidence is evidence which

is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.

In order for a witness' testimony or other evidence to support a finding of clear and convincing evidence the witness must be credible and the evidence offered must be based upon distinct personal knowledge of the relevant facts, undecayed by time and untainted by the corrupting influence of bias or suggestion. . . .

The effects of conflicts in the evidence or corroboration of particular evidence will vary depending upon the credibility of the individuals involved, the degree of conflict or corroboration, and the importance of the point with respect to which the conflict or corroboration occurs. The existence of a conflict in the evidence, with regard to a material fact, by itself, may preclude a finding that a charge has been sustained by clear and convincing evidence. On the other hand, there is no mechanistic corroboration requirement; rather, a charge could be sustained on the basis of the uncorroborated testimony of a single credible witness in an appropriate case . . .

In the case before us, a search of the property was conducted on February 21,

1995, pursuant to a valid search warrant, and the following items were discovered in the subject premises: eleven packets of marijuana from the kitchen, five packets of crack cocaine from Lewis' purse, various court documents, and $20.00 in U.S. currency. Based on the testimony of the Commonwealth's witnesses, Officer Jones, Detective Meissler, and Chapman, the trial court found that there was evidence indicating Lewis' residence was a base of on-going drug transactions. The trial court noted that Officer Jones personally purchased marijuana and crack cocaine from Lewis, which marijuana and cocaine was stored at her residence, and that Chapman admitted to purchasing drugs from Lewis over a two-month period.

■ The evidence offered by the Commonwealth was based upon distinct personal knowledge of the relevant facts, undecayed by time and untainted by suggestion. At the end of the hearing, the trial court credited the testimony of the Commonwealth's witnesses. The trial court further found Lewis incredible. (Notes of Testimony, p. 9/26/96, p. 179.) The trial court as the finder of fact may draw any reasonable inference from the evidence, *Commonwealth v. Schill*, 164 Pa.Cmwlth. 594, 643 A.2d 1143, *petition for allowance of appeal denied*, 539 Pa. 656, 651 A.2d 543 (1994), and, as the trial court is the sole arbiter of credibility, this Court will not reweigh such evidence. *Commonwealth v. $16,208.38 U.S. Currency*, 160 Pa.Cmwlth. 440, 635 A.2d 233 (1993), *petition for allowance of appeal denied*, 538 Pa. 634, 647 A.2d 509 (1994). Our review of the record below indicates under a standard of clear and convincing evidence that Lewis did indeed use her home more than once to facilitate illegal drug transactions. The trial court found as persuasive the testimony of the Officer Jones, Detective Meissler, and Chapman. As this certainly satisfies the substantial evidence standard, we will not disturb the trial court's opinion.

Accordingly, we affirm the trial court's order.

### *ORDER*

**AND NOW,** this 20th day of December 2001, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.