**COMMONWEALTH of Pennsylvania**

v.

**ONE (1) 1993 PONTIAC TRANS AM Serial Number 2G2FV22P4P2201933.**

**Appeal of Lee Bartholomew.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2002.
Decided Oct. 22, 2002.

Craig S. Boyd, Boyertown, for appellant.

Alisa R. Hobart, Reading, for appellee.

BEFORE: SMITH–RIBNER, J., COHN, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

Lee Bartholomew appeals from an order of the Court of Common Pleas of Berks County (trial court) that granted the petition of the Commonwealth of Pennsylvania (Commonwealth) for forfeiture of property pursuant to Sections 6801–02 of the Judicial Code, 42 Pa. C.S. §§ 6801–02, commonly referred to as the Controlled Substances Forfeiture Act (Forfeiture Act). The property in question is Bartholomew's 1993 Pontiac Trans AM, Serial Number 2G2FV22P4P2201933 (the Vehicle). We reverse.

At 1:07 a.m. on June 16, 2000, Officer Victor Frederick of the Amity Township Police Department observed the Vehicle parked along Maplewood Drive in Amity Township. The Vehicle was occupied by Bartholomew and three other individuals. Officer Frederick rolled down the window of his police car and asked Bartholomew, who was sitting in the driver's seat, if everything was okay. Bartholomew responded in the affirmative. Officer Frederick then parked his vehicle and approached Bartholomew and his companions. He smelled the odor of marijuana coming from the Vehicle and saw a pipe bowl on its front seat. A consensual search of the Vehicle uncovered marijuana with a total weight of 6.68 grams, two packets of rolling papers, and three marijuana pipe bowls containing marijuana residue.

■ Bartholomew was charged with violating Sections 13(a)(31) and 13(a)(32) of the act known as The Controlled Substance, Drug, Device and Cosmetic Act (Act), Act of April 14, 1972 (P.L. 233), as amended, 35 P.S. §§ 780–113(a)(31) and 780–113(a)(32), possession of a controlled substance—marijuana less than thirty grams, and possession of drug paraphernalia, respectively. Bartholomew applied for, and was accepted into, the Accelerated Rehabilitative Disposition Program. On January 2, 2001, the Commonwealth filed a petition for forfeiture of property pursuant to the Forfeiture Act. On November 26, 2001, the trial court, following a hearing, entered an order granting the Commonwealth's petition. Bartholomew then filed the present appeal.[1]

Bartholomew raises the following issues: (1) Whether it is fundamentally unfair for his Vehicle to be subject to forfeiture based only on the charge of possession of drug paraphernalia; (2) whether the forfeiture of the Vehicle violated his Eighth Amendment right against excessive fines or cruel punishment; (3) whether the forfeiture of the Vehicle violates his Fifth Amendment right against double jeopardy; and (4) whether the Commonwealth's failure to set forth case law supporting a forfeiture based only on the presence of drug paraphernalia connected to a minor amount of marijuana prohibits the Commonwealth from seizing the Vehicle. Bartholomew's arguments are all based upon the fact that because the Vehicle is not subject to forfeiture if only the small amount of marijuana had been found, then it cannot be subject to forfeiture based on the presence of drug paraphernalia related to that small amount of marijuana.

1. This Court's scope of review is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Commonwealth v. $23,320.00 United States Currency,* 733 A.2d 693 (Pa.Cmwlth.1999).

■ The Forfeiture Act provides in relevant part:

(a) **Forfeitures generally.**—The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:

(1) All drug paraphernalia, controlled substances or other drugs which have been manufactured, distributed, dispensed or acquired in violation of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act....

. . . .

(4) All conveyances, including aircraft, vehicles or vessels, which are used or are intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of, property described in paragraph (1) or (2), except that:

. . . .

(iv) no conveyance shall be forfeited under this section for violation of section 13(a)(31) of The Controlled Substance, Drug, Device and Cosmetic Act....

42 Pa.C.S. § 6801(a).

Section 13(a)(31) of the Act prohibits "(i) the possession of a small amount of marijuana only for personal use; (ii) the possession of a small amount of marijuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marijuana but not for sale." Section 13(a)(31) further provides that thirty grams of marijuana or eight grams of hashish shall be considered a "small amount of marijuana" for purposes of the subsection.

In the present case, only 6.68 grams of marijuana were found in the Vehicle. Therefore, pursuant to Section 6801(a)(4)(iv) of the Forfeiture Act, the Vehicle could not be forfeited based solely upon the amount of marijuana found within it. Bartholomew contends that because of this exemption, the Vehicle may not be forfeited solely on the grounds that paraphernalia connected with this small amount of marijuana (*i.e.*, the pipes and rolling papers) was also found in the Vehicle. We agree.

■ In a forfeiture case, the Commonwealth bears the burden of establishing, by a preponderance of the evidence, that a nexus exists between the unlawful activity and the property subject to forfeiture. *Commonwealth v. All That Certain Parcel and Lot of Land Located at 4029 Beale Avenue, Altoona, Blair County, Pennsylvania,* 545 Pa. 172, 680 A.2d 1128 (1996). Here, the Commonwealth proved only that Bartholomew and his companions possessed in the Vehicle 6.68 grams of marijuana and drug paraphernalia in the nature of three pipe bowls and two packets of rolling papers. No evidence was submitted by the Commonwealth to indicate that the drug paraphernalia was connected to anything other than the small amount of marijuana discovered and the personal use of such by the occupants of the Vehicle on the evening in question. As the presence of the small amount of marijuana for personal use could not support the forfeiture of the Vehicle by the Commonwealth, then the presence of drug paraphernalia, which was not proven by the Commonwealth to be anything more than related to the small amount of marijuana, could not logically support the forfeiture either. Otherwise, the Forfeiture Act would be construed, in this instance, as supporting an absurd or unreasonable result.

■ We must, of course, presume that the General Assembly, in enacting a statute, did not intend a result that is absurd or unreasonable. Section 1922(1) of the Statutory Construction Act of 1972, 42 Pa. C.S. § 1922(1). Moreover, because forfeitures are not favored in the law, the Forfeiture Act must be strictly construed.

*Commonwealth v. One 1998 Ford Coupe VIN # 1FABP41A9JF143651*, 393 Pa.Super. 320, 574 A.2d 631 (1990), *petition for allowance of appeal denied*, 527 Pa. 631, 592 A.2d 1299 (1991). A strict and reasonable construction of the Forfeiture Act would prohibit the Commonwealth from seizing a vehicle based on the presence of drug paraphernalia that has not been proven to be anything more than ancillary to the also discovered "small amount of marijuana," as defined by Section 13(a)(31) of the Act. The trial court therefore erred by granting the Commonwealth's petition for forfeiture.[2]

Because of our disposition, we need not address Bartholomew's largely constitutional arguments. We would note, however, that case law from the Supreme Court would support the conclusion that the forfeiture of the Vehicle is also grossly disproportionate to the gravity of the offense that the Forfeiture Act was designed to punish. *See 4029 Beale Avenue, Altoona, Blair County, Pennsylvania;* and *In re King Properties*, 535 Pa. 321, 635 A.2d 128 (1993) (when determining whether a forfeiture is grossly disproportionate, the Commonwealth bears the burden of proving, by clear and convincing evidence, that the criminal conduct in question establishes a relevant pattern rather than a onetime occurrence). This is particularly true when the Forfeiture Act does not punish at all the personal use of a "small amount of marijuana," and when the drug paraphernalia was not shown to relate to anything more than that use.

The trial court's order is reversed.

### ORDER

AND NOW this 22nd day of October, 2002, the order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby reversed.

---

2. We have held, however, that a vehicle was properly seized under the Forfeiture Act based on the presence of drug paraphernalia when such evidence indicated that the owner of the vehicle was engaged in drug trafficking. In *Commonwealth v. $1920.00 United States Currency*, 149 Pa.Cmwlth. 132, 612 A.2d 614 (1992), the drug paraphernalia consisted of twelve empty cough drop containers (described as used to conceal drugs) and a packet of rolling paper. Also found in the vehicle were marijuana seeds, a pager, and $1920 in currency in a wallet without identification stuffed between the driver's seat and the console. The money, as well as the vehicle, possessed the "scent" of drugs, as determined by a "sniff" search conducted by a trained canine and its handler. The evidence also revealed that the occupants of the vehicle had thrown objects out of the window during a high-speed chase with police, prior to the police seizing the vehicle. We held that the totality of this evidence supported the trial court's determination that the vehicle was justifiably seized under the Forfeiture Act. As Bartholomew notes in his brief, the Commonwealth has no case authority to support a seizure of a vehicle based on the presence of drug paraphernalia that has not been shown to be anything more than ancillary to the use of a small amount of marijuana.