# COMMONWEALTH of Pennsylvania

### v.

### Matthew Maurice MITCHELL, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 10, 2003.
Decided Oct. 20, 2003.

Steve Rice, Gettysburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

Matthew Maurice Mitchell appeals from an order of the Court of Common Pleas of Adams County (trial court) granting the Commonwealth's motion for forfeiture of Mitchell's vehicle.[1] Mitchell claims the forfeiture violated his right to be free from excessive fines under Article 1, Section 13 of the Pennsylvania Constitution (the excessive fines protection).[2] We affirm.

In March 2002, Mitchell drove the vehicle to a location where he sold approximately 1.9 grams of marijuana to an undercover police officer.[3] Mitchell then left the area in the vehicle. The parties agree the vehicle was used to transport the marijuana to the location. Additional marijuana purchases (not involving the vehicle) were made by an undercover officer at Mitchell's residence, which resulted in a search warrant being issued. During execution of the search warrant, police found two glass pipes and a bowl containing marijuana residue in the vehicle. The parties agree the vehicle was the only vehicle used or owned by Mitchell. Mitchell pled guilty to four counts of violating The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[4] Mitchell had three prior con-

1. A 1990 silver Chevrolet GEO Prizm (the vehicle).

2. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." Pa. Const. Art. 1, § 13.

3. The facts were submitted to the trial court by stipulation. It is unclear whether the sale of drugs was made while Mitchell was in the vehicle, or if the vehicle was merely his meth-od of transportation to and from the location of the sale and the actual sale was made while Mitchell was outside the vehicle. However, the distinction is immaterial to our disposition.

4. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101—780–144, 35 P.S. § 780–113(a)(30) (possession with intent to deliver).

victions for possession with intent to deliver.

The Commonwealth thereafter moved for forfeiture of the vehicle under what is commonly known as the Forfeiture Act.[5] Mitchell objected, claiming forfeiture of the vehicle constitutes an excessive fine under both the Eighth Amendment of the United States Constitution and Article 1, Section 13 of the Pennsylvania Constitution.

■ The trial court found in favor of the Commonwealth, holding that forfeiture of the vehicle was not an excessive fine. The trial court declined to apply our Supreme Court's holding in *In re King Properties,* 535 Pa. 321, 635 A.2d 128 (1993), involving forfeiture of real estate, to this forfeiture of a vehicle. This appeal followed, based solely on the Pennsylvania constitutional claim.[6]

■ The Forfeiture Act provides for forfeiture of, "All conveyances, including aircraft, vehicles or vessels, which are used or are intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of [drug paraphernalia or controlled substances]." 42 Pa.C.S. § 6801(a)(4). In order to forfeit property, the Commonwealth must prove that a nexus exists between the unlawful activity and the property subject to forfeiture. *Commonwealth v. One (1) 1993 Pontiac Trans Am,* 809 A.2d 444 (Pa.Cmwlth.2002). Mitchell does not contest establishment of a nexus between his drug sale activities and the vehicle. Rather, he argues the vehicle forfeiture violated

the excessive fines protection of the Pennsylvania Constitution.

Our Supreme Court recently decided *Commonwealth v. Real Prop. and Improvements,* —— Pa. ——, 832 A.2d 396 (2003). In that case the Court adopted a new test for determining whether a forfeiture violates the excessive fines protection:

> We hold today that [*United States v.] Bajakajian's*[7] gross disproportionality test applies to all punitive forfeitures regardless of the form of the underlying proceedings.

The Court referenced the *Bajakajian* majority's requirement that a court "compare the amount of the forfeiture to the gravity of the defendant's offense. If the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional." *Real Property,* at ——, 832 A.2d at 401, quoting *Bajakajian,* 524 U.S. at 336–37, 118 S.Ct. 2028.

The Court also referenced factors enumerated by the *Bajakajian* majority by which a court may measure the gravity of the offense, each of which is limited to the conduct of the defendant: the penalty imposed as compared to the maximum penalty available; whether the violation was isolated or part of a pattern of misbehavior; and, the harm resulting from the crime charged. *Id.,* quoting *Bajakajian,* at 338–39, 118 S.Ct. 2028. However, our Supreme Court cautioned that no decision is made as to which of the various approaches will be adopted. *Id.* at n. 7, 118 S.Ct. 2028.

---

**5.** 42 Pa.C.S. §§ 6801–02.

**6.** Our review in an appeal from a forfeiture proceeding is limited to whether findings of fact made by the trial court are supported by substantial evidence and whether the trial court abused its discretion or committed an

error of law. *Commonwealth v. Real Prop. and Improvements,* 787 A.2d 1117 (Pa. Cmwlth.2001).

**7.** 524 U.S. 321, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998).

Applying the gross disproportionality test, we note that Mitchell pled guilty to four counts of possession with intent to deliver a Schedule I substance under the Drug Act, each count of which is a felony punishable by imprisonment for no more than five years and a fine not to exceed $15,000. 35 P.S. § 780–113(f)(2). The grading of the crimes suggests the gravity of the offenses. On each count he was sentenced to 48 months of intermediate punishment with various stages of supervision, to be served concurrently, and fined $300. The current four offenses were preceded by three convictions for possession with intent to deliver. While there are no findings regarding harm resulting from the crimes, the seven total convictions related to drug trafficking raise concerns about the threat Mitchell poses to the community.

As the trial court found, the Kelley Blue Book (http://www.kbb.com) value for a 1990 Chevrolet Geo Prizm in mint condition is $1,980. The vehicle was indisputably used in one of the current offenses, and the application of the Forfeiture Act to the vehicle is uncontested. Also, it was the only vehicle available for Mitchell's transportation to and from his Adams County residence.

We conclude that under any formulation of the test, this forfeiture is not grossly disproportional to the gravity of Mitchell's current four felony offenses. This is especially true where fines and forfeiture together are well within the maximum fine of $60,000. *See United States v. Newsome,* 322 F.3d 328 (4th Cir.2003); *United States v. Moyer,* 313 F.3d 1082 (8th Cir.2002); *United States v. Sherman,* 262 F.3d 784 (8th Cir.2001); *United States v. Dicter,* 198 F.3d 1284 (11th Cir.1999). Accordingly, we affirm the decision of the trial court.

*ORDER*

AND NOW, this 20th day of October, 2003, the decision of the trial court is affirmed.