# Tower Investments Inc. v. Rawle & Henderson

*Elizabeth Cipolletti,* for plaintiffs.

*Nicole J. Rosenblum, Ronald P. Schiller* and *Phillip E. Wilson Jr.,* for Zurich American and Assurance Co. of America.

*Peter J. Hoffman, Maureen P. Fitzgerald* and *Melissa B. Gorsline,* for Rawle & Henderson.

BERNSTEIN, *J.,* March 3, 2008—Plaintiffs Tower Investments Inc., Liberty Homes Philadelphia Inc., and Bart Blatstein filed this suit against defendants Rawle & Henderson LLP (R&H), Zurich American Insurance Company, and Assurance Company of America. In their second amended complaint, plaintiffs allege that they had a commercial liability insurance policy with Assurance and that Assurance retained R&H to defend plaintiffs in an underlying action pursuant to its duty to defend within the policy. Plaintiffs further allege that as part of the settlement in the underlying action, R&H executed a release that it knew plaintiffs objected to and was contrary to plaintiffs' interests.

Plaintiffs have brought four counts against R&H: professional negligence (Count I), breach of contract (Count II), breach of fiduciary duty (Count III), and punitive damages (Count IV).[1] Presently before the court are R&H's preliminary objections to plaintiffs' second amended complaint. For the reasons discussed below, said preliminary objections are overruled.

## I. *R&H'S Preliminary Objection in the Nature of a Demurrer and Motion To Strike Count II of Plaintiffs' Second Amended Complaint Is Overruled*

Count II of plaintiffs' second amended complaint purports to state a claim for breach of contract against R&H. Plaintiffs allege that R&H breached its contractual obligations to plaintiffs by failing to provide legal services in a manner consistent with the standard of care for lawyers in Pennsylvania. R&H contends that this

---

1. Plaintiffs have also brought a breach of contract claim against Assurance (Count V), which is not at issue here.

cause of action should be dismissed because there was no contract between plaintiffs and R&H.

In considering preliminary objections, "[a]ll material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purpose of this review."[2] "The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible."[3] Any doubts as to whether a demurrer should be sustained shall be resolved in favor of overruling it.[4] "The test on preliminary objections is whether it is clear and free from doubt from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief."[5]

In their second amended complaint, plaintiffs allege that they had an insurance liability contract with Assurance.[6] Plaintiffs further allege that Assurance retained R&H to defend plaintiffs in the underlying action pursuant to its duty to defend in the insurance liability contract, and that Assurance agreed to pay R&H's fees in consideration for its services.[7] Accepting these facts as true, plaintiffs could potentially be considered third-party beneficiaries of the agreement between Assurance and R&H because plaintiffs were to receive the benefits, *i.e.,* legal representation, from said agreement.[8] If plaintiffs

---

2. *Employers Insurance of Wausau v. PennDOT,* 581 Pa. 381, 388 n.5, 865 A.2d 825, 829 n.5 (2005). (citations omitted)

3. *Id.*

4. *Id.*

5. *Bourke v. Kazaras,* 746 A.2d 642, 643 (Pa. Super. 2000).

6. Complaint at ¶¶12-17.

7. *Id.* at ¶¶25-26, 75.

8. "[A] party becomes a third-party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, unless, the circumstances are so compelling that

are found to be third-party beneficiaries of the agreement between Assurance and R&H, they would have the same rights as the original contracting parties, including the right to bring a breach of contract claim.[9] Since the agreement between Assurance and R&H is not attached to or clearly set forth in the second amended complaint, doubts exist as to whether plaintiffs were intended third-party beneficiaries of the agreement between Assurance and R&H. As such, R&H's demurrer to plaintiffs' breach of contract claim is overruled.

## II. *R&H'S Preliminary Objection in the Nature of a Demurrer and Motion To Strike Count III of Plaintiffs' Second Amended Complaint Is Overruled*

In Count III of plaintiffs' second amended complaint, plaintiffs allege that R&H owed a fiduciary duty to plaintiffs and that R&H breached that duty. When a liability insurer retains counsel to defend an insured, the insured is considered the client.[10] Plaintiffs in this matter would be considered the clients of R&H. The relationship be-

recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Scarpitti v. Weborg,* 530 Pa. 366, 372-73, 609 A.2d 147, 150-51 (1992). (citations omitted)

9. See *Miller v. Allstate Insurance Company,* 763 A.2d 401, 404 n.1 (Pa. Super. 2000) ("Under Pennsylvania law, a third-party beneficiary's rights and limitations in a contract are the same as those of the original contracting parties").

10. *Bedwell Co. v. D. Allen Bros.,* 2006 Phila. C.C.P. Lexis 459, *7 (Commerce Program 2006), citing *Rector, Wardens and Vestryman of St. Peter's Church v. Am. Nat'l. Fire Ins. Co.,* 2002 U.S. Dist. Lexis 625 (E.D. Pa. 2002); *Builders Square v. Saraco,* 1996 U.S. Dist. Lexis 19444 (E.D. Pa. Dec. 27, 1996); *Point Pleasant Canoe Rental Inc. v. Tinicum Township,* 110 F.R.D. 166, 170 (E.D. Pa. 1986).

tween an attorney and his client is a fiduciary relationship.[11] This concept of a fiduciary relationship "by *definition* does not permit conflicts of interest."[12] "At common law, an attorney owes a fiduciary duty to his client; such duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest, and breach of such duty is actionable."[13] "If a conflict of interest arises between an insurer and its insured, the attorney representing the insured must act exclusively on behalf of and in the best interests of the insured."[14]

In support of their claim that R&H breached its fiduciary duty, plaintiffs allege that R&H continued to represent plaintiffs despite the existence of a conflict of interest between plaintiffs and co-defendant Assurance.[15] Specifically, plaintiffs have pled that Assurance decided to go forward with the settlement in the underlying action despite the fact that it knew that plaintiffs objected to certain terms of the settlement.[16] Plaintiffs further allege that although R&H represented the interests of both Assurance and plaintiffs, R&H did not inform plaintiffs that a conflict of interest arose when the insurer (Assurance) and insured (plaintiffs) wanted to take two contrary approaches to settlement.[17] Such allegations are sufficient to show divided loyalties and a potential conflict of interest. Therefore, R&H's demurrer to Count III is overruled.

---

11. *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz,* 529 Pa. 241, 261, 602 A.2d 1277, 1287 (1992).

12. *Id.* (emphasis in original)

13. *Id.* at 253, 602 A.2d at 1283.

14. *Bedwell,* 2006 Phila. C.C.P. Lexis 459, *7, citing *Rector, Wardens and Vestryman of St. Peter's Church v. Am. Nat'l. Fire Ins. Co.,* 2002 U.S. Dist. Lexis 625 (E.D. Pa. 2002).

15. Complaint at ¶66.

16. *Id.* at ¶¶41, 47.

17. *Id.* at ¶58.

*III. R&H'S Preliminary Objection in the Nature of
a Motion To Strike Paragraphs 67(j) and 85(f)
of Plaintiffs' Second Amended Complaint Pursuant
to Pa.R.C.P. 1028(A)(2) Is Overruled*

R&H next argues that paragraphs 67(j) and 85(f) of plaintiffs' second amended complaint should be stricken as impertinent pursuant to Pa.R.C.P. 1028(a)(2). Paragraphs 67 and 85 of plaintiffs' second amended complaint list various ways in which plaintiffs allege that R&H was reckless, negligent, or grossly negligent in the representation of plaintiffs. Specifically, subpart (j) of paragraph 67 and subpart (f) of paragraph 85 both allege that R&H was negligent or grossly negligent for "violating their ethical obligation to plaintiffs as stated in sections 1.3, 1.4, and 1.7 of the Pennsylvania Rules of Professional Conduct."

R&H is correct that a violation of the Rules of Professional Conduct alone does not give rise to a cause of action.[18] However, here, plaintiffs have not based a cause of action on defendant's alleged violations of the Rules of Professional Conduct; rather, these allegations form part of the basis for plaintiffs' claims against R&H for professional negligence. Moreover, "the right of a court to strike impertinent matter should be sparingly exercised and only when a party can affirmatively show prejudice."[19] R&H has failed to show how these allegations

---

18. See *Maritrans,* 529 Pa. at 256, 602 A.2d at 1284.

19. *Commonwealth Department of Environmental Resources v. Hartford Accident and Indemnity Company,* 40 Pa. Commw. 133, 138, 396 A.2d 885, 888 (1979).

prejudice it. As a result, R&H's preliminary objection to strike paragraphs 67(j) and 85(f) is overruled.[20]

## IV. *R&H'S Preliminary Objection in the Nature of a Demurrer As to Plaintiffs' Claim for Punitive Damages in Count IV of Plaintiffs' Second Amended Complaint Is Overruled*

Count IV of plaintiffs' second amended complaint purports to state a claim for punitive damages. A request for punitive damages cannot stand as an independent cause of action; rather, a request for punitive damages is incidental to a cause of action.[21] Here, although plaintiffs have requested punitive damages in a separate count, their claim for punitive damages is incidental to their cause of action for breach of fiduciary duty.

"Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."[22] In

20. It is also noted that "there is some authority for the proposition that, even if the pleading of damages was impertinent matter, that matter need not be stricken but may be treated as 'mere surplusage' and ignored." *Itskowitz v. White & Williams LLP,* 2004 Phila. C.C.P. Lexis 34, *16 (Commerce Program 2004), quoting *Commonwealth Department of Environmental Resources v. Hartford Accident and Indemnity Co.,* 40 Pa. Commw. 133, 137, 396 A.2d 885, 888 (1979). The court is well aware that the Rules of Professional Conduct are not rules of evidence and do not have the force of substantive law. *West Conshohocken Restaurant Associates Inc. v. Flanigan,* 737 A.2d 1245, 1248 (Pa. Super. 1999).

21. *Nix v. Temple University of the Commonwealth System of Higher Education,* 408 Pa. Super. 369, 380, 596 A.2d 1132, 1138 (1991); *Hilbert v. Roth,* 395 Pa. 270, 276, 149 A.2d 648, 652 (1959) (stating that "the right to punitive damages is a mere incident to a cause of action . . . and not the subject of an action in itself").

22. *Feld v. Merriam,* 506 Pa. 383, 395, 485 A.2d 742, 747 (1984), citing Restatement (Second) Torts §908(2).

order to award punitive damages, the defendant's conduct must be "malicious, wanton, reckless, willful, or oppressive."[23] Significantly, punitive damages may be awarded for a breach of fiduciary duty by an attorney.[24] Indeed, "the reasons for imposing punitive damages on an errant attorney are even more compelling than those where a non-attorney breaches a fiduciary or other tort duty to a plaintiff."[25]

"An attorney at law has been said to be a public officer. He is an officer of the court sworn to aid in the administration of justice and to act with all good fidelity both to his clients and to the court. The public have a deep and vital interest in his integrity. It is a matter of profound importance from every point of view that members of the bar be men of probity and rectitude, zealous to maintain relations of utmost honesty with their clients and solicitous to protect them against legal wrong. Unflinching fidelity to their genuine interests is the duty of every attorney to his clients. Public policy can hardly touch matters of more general concern than the maintenance of an untarnished standard of conduct by the attorney at law toward his client. The attorney and client do not deal with each other at arms' length. The client often is in many respects powerless to resist the influence of his attorney. If that influence be vicious, untoward, criminal,

---

23. *Id.* at 395, 485 A.2d at 747-48. (citations omitted)

24. *Rizzo v. Haines,* 520 Pa. 484, 507-508, 555 A.2d 58, 69 (1989).

25. *Axcan Scandipharm Inc. v. Reed Smith LLP,* 2007 Phila. C.C.P. Lexis 78, *16-17 (Commerce Program 2007), citing *Feld & Sons Inc. v. Pechner, Dorfman, Wolfee, Rounick & Cabot,* 312 Pa. Super. 125, 140-41, 458 A.2d 545, 553 (1983).

the relation of trust is abused and becomes a source of wrong."[26]

As set forth above, plaintiffs have sufficiently pled a claim for breach of fiduciary duty. Therefore, plaintiffs may assert a claim for punitive damages against R&H in this instance.

### V. *R&H'S Preliminary Objection in the Nature of a Motion To Strike Allegations of Recklessness Based on Agency in Paragraph 85 of Plaintiffs' Second Amended Complaint Is Overruled*

Finally, R&H argues that paragraph 85 of plaintiffs' second amended complaint should be stricken because it states general allegations of recklessness based on agency. Paragraph 85 provides, in relevant part: "Defendant Rawle & Henderson, its authorized agents, servants, partners and employees acted with gross negligence, maliciously and with reckless disregard toward plaintiffs. . . ." R&H argues that plaintiffs failed to identify with sufficient particularity, either by name or description, the alleged agents, servants, partners, and/or employees whose conduct was purportedly grossly negligent, malicious, and/or reckless. R&H contends that this is contrary to the mandate of Pa.R.C.P. 1019(a), which states that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

"The purpose of the pleadings is to place the defendants on notice of the claims upon which they will have to defend."[27] In order for the court to determine wheth-

---

26. *Id.*

27. *Yacoub v. Lehigh Valley Medical Associates P.C.*, 805 A.2d 579, 588 (Pa. Super. 2002).

er the defendant has been put upon adequate notice of the claim against which he must defend, the court must not simply focus upon one portion of the complaint.[28] "Rather, in determining whether a particular paragraph in a complaint has been stated with the necessary specificity, such paragraph must be read in context with all other allegations in that complaint."[29]

R&H contends that plaintiffs failed to identify in paragraph 85 the agents and/or employees who were allegedly negligent. However, when the second amended complaint is read in its entirety, it is evident that plaintiffs have identified John T. Donovan, Esquire and Thomas A. Kuzmick, Esquire, as employees of Rawle & Henderson, who acted on behalf of the law firm. Specifically, paragraph 6 of plaintiffs' second amended complaint states that "[a]t all times relevant hereto defendant Rawle & Henderson, was operating by and through its authorized agents, servants, partners and employees including, but not limited to, John T. Donovan Esquire." Further, paragraph 27 states that "John T. Donovan Esquire and Thomas A. Kuzmick Esquire, of Rawle & Henderson entered their appearance as lead counsel for the plaintiffs on May 21, 2003." These allegations, coupled with the allegations of negligence against R&H in second amended complaint, are sufficient to place R&H on notice of the material facts necessary to prepare a defense. Thus, R&H's preliminary objection is overruled.

---

28. *Id.* at 589.
29. *Id.*

## CONCLUSION

For the foregoing reasons, defendant Rawle & Henderson LLP's preliminary objections are overruled. Rawle & Henderson LLP is directed to file an answer to plaintiffs' second amended complaint within 20 days from the date of entry of this order.

## ORDER

And now, March 3, 2008, upon consideration of defendant Rawle & Henderson LLP's preliminary objections, the response thereto, all other matters of record, and in accordance with the opinion being contemporaneously filed with this order, it hereby is ordered that said preliminary objections are overruled. Defendant Rawle & Henderson LLP is directed to file an answer to plaintiffs' second amended complaint within 20 days from the date of entry of this order.