Philip L. Maddux, Plaintiff *v.* Commonwealth of Pennsylvania, Department of Agriculture, Bureau of Animal Industry et al., Defendants.

Argued December 5, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., and BLATT, sitting as a panel of three.

*Herbert K. Sudfeld, Jr.,* with him *Power, Bowen & Valimont,* for plaintiff.

*John E. Childe, Jr.,* Chief Counsel, with him *Robert P. Kane,* Attorney General, for defendant.

OPINION BY JUDGE BLATT, May 22, 1978:

Before us on preliminary objections is a complaint brought by Philip L. Maddux (Maddux) against the Pennsylvania Department of Agriculture, Bureau of Animal Industry (Bureau) and various Bureau employes seeking compensation for 7,000 unhatched eggs destroyed after having been exposed to a contagious disease.

Maddux, the owner and operator of a hatchery, filed his complaint in mandamus with the Court of Common Pleas of Bucks County alleging that he was entitled to compensation pursuant to the Act of June 22, 1931 (Act), P.L. 682, *as amended,* 3 P.S. §398 et seq., which provides a method of compensating the owners of domestic animals slaughtered to prevent the spread of disease. The lower court granted the Bureau's preliminary objection with respect to subject matter jurisdiction and transferred the matter to us. We will consider it as a petition for review in the nature of mandamus.[1] Still pending are the Bureau's other preliminary objections: (1) in the nature of a demurrer, (2) raising a lack of capacity to sue, and (3) in the form of a motion for more specific pleading.

---

[1] The Bureau has asked us to dismiss the complaint because Pa. R.A.P. 1502 has abolished the action of mandamus. Pa.R.A.P. 1503 states that such an error in pleading "shall not be a ground for dismissal" and permits the Court to regard and act upon the papers filed as a petition for review.

The Bureau contends by way of its demurrer that the complaint here fails to establish a clear, well-defined legal right to be enforced by the extraordinary writ of mandamus, and, particularly, that Maddux has failed to allege facts which would entitle him to compensation. Section 2 of the Act, 3 P.S. §399, provides that "[t]he Commonwealth hereby agrees to compensate owners of domestic animals *condemned* to prevent the spread of disease." (Emphasis added.) The word "condemned" is defined by Section 1 of the Act, 3 P.S. §398, to mean "that a domestic animal has been adjudged, by an authorized officer or agent of the Department of Agriculture, to be diseased and ordered to be slaughtered to prevent the spread of disease." Although the facts here are apparently in dispute, it is well established that preliminary objections in the nature of a demurrer admit as true all well-pleaded facts in the complaint. *Bicentennial Commission of Pennsylvania v. The Olde Bradford Co.,* 26 Pa. Commonwealth Ct. 636, 365 A.2d 172 (1976). For purposes of ruling on the demurrer, therefore, we must accept the statement in Maddux's complaint that a named agent of the Department "adjudged all the hatched and unhatched fowl and eggs to be diseased and informed the Plaintiff they would have to be destroyed and disposed of to prevent the spread of the disease." We believe that this allegation is sufficient to establish, for purposes of stating a cause of action, that a condemnation occurred, and we are not convinced to hold otherwise by the Bureau's argument that Maddux has also admitted in his complaint that the "[p]laintiff . . . was forced . . . to sign a statement by which he agreed to destroy all unhatched or pipped hatching eggs. . . ." It is clear that the facts will have to be resolved later, but on preliminary objections a demurrer should not be granted if the propriety of dis-

missing the complaint is in doubt. *Commonwealth ex rel. Lindsley v. Robinson,* 30 Pa. Commonwealth Ct. 96, 372 A.2d 1258 (1977). We will, therefore, dismiss the Bureau's preliminary objection in the nature of a demurrer.

The Bureau has also questioned Maddux's capacity to sue for compensation, arguing that only "owners of domestic animals" are entitled to compensation under the Act. The one fact which is clear from a reading of the complaint is that Maddux "owned and operated a hatchery," but, it is not clear that he was the owner of the unhatched eggs which were destroyed. In order to insure a full hearing on the merits of a case, the Pennsylvania Rules of Civil Procedure permit liberal amendment procedures where a better statement of the facts *could* establish a cause of action, and we will deny preliminary objections, permitting amendment, where the complaint is not inherently unsound but only incomplete. *Williams v. Pennsylvania Board of Probation and Parole,* 2 Pa. Commonwealth Ct. 312 (1971). Because the ownership of the eggs is in doubt, we will permit Maddux to amend his complaint to plead with particularity, if he can, that he is entitled to compensation as the owner of the destroyed eggs.

Finally, the Bureau has asked us to grant its motion for more specific pleading. A pleading must be sufficiently specific so as to advise a defendant as to what action on his part is deemed by the complainant to have been improper. *Oas v. Commonwealth,* 8 Pa. Commonwealth Ct. 118, 301 A.2d 93 (1973). We believe that the present pleading is sufficiently specific, with the exception of the issue of ownership of the eggs, to enable the Bureau to prepare a defense, and we must, therefore, deny the motion.

For the foregoing reasons, the preliminary objections are dismissed except as to seeking more specifi-

city with respect to the ownership of the eggs. Plaintiff will be granted leave to file an amended complaint.

### ORDER

AND Now, this 22nd day of May, 1978, defendants' preliminary objections are hereby dismissed except that seeking more specificity which is sustained. Plaintiff is directed to file an amended complaint within thirty (30) days of the date of this Order or suffer dismissal of the complaint as of course.