Commonwealth of Pennsylvania, Department of Environmental Resources, Plaintiff *v.* The Hartford Accident and Indemnity Company, Defendant. Chemical Separations Corporation and The Chester Engineers, Inc., Additional Defendants.

Argued November 1, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,

MENCER, ROGERS, BLATT and MACPHAIL. Judges DI-SALLE and CRAIG did not participate.

*Susan J. Forney,* Deputy Attorney General, with her *Norman J. Watkins,* Deputy Attorney General, Chief, Civil Litigation, and *Gerald Gornish,* Acting Attorney General, for plaintiff.

*Henry C. Herchenroether, Jr.,* with him *Alter, Wright & Barron,* for defendant.

*John H. Morgan,* with him *Robert L. Allman, II,* and *Eckert, Seamans, Cherin & Mellott,* for additional defendants.

OPINION BY JUDGE BLATT, January 24, 1979:

The Commonwealth of Pennsylvania through its Department of Mines and Minerals, now the Department of Environmental Resources, (Commonwealth) instituted this action against The Hartford Accident and Indemnity Company (Hartford) which is the surety on a performance bond for the construction of a water demineralization plant by the Pitt Construction Company (Pitt). Hartford has filed preliminary objections to the Commonwealth's complaint in the

nature of a motion to strike, a motion for a more specific pleading and a demurrer. Hartford has also filed complaints to join as additional defendants Chemical Separations Corporation (Chem-Seps) and The Chester Engineers, Inc. (Chester). Chem-Seps has filed preliminary objections in the nature of a demurrer to Hartford's third-party complaint. These preliminary objections are presently before this Court.

This matter arises out of a contract which was awarded by the Commonwealth in 1969 to Pitt to construct a water demineralization plant for the price of $669,680. The contract incorporates by reference the plans and specifications for the project and it provides that the Commonwealth will retain up to 10% of the contract price for one year after completion and acceptance of the plant. It also states that if the plant fails to meet the performance specifications and if Pitt does not remedy the failure within that time, Pitt forfeits the monies retained by the Commonwealth. Pitt subcontracted the design, construction and installation of two Continuous Countercurrent Ion Exchange (CC-IX) units to Chem-Seps. In 1972, Pitt went out of business. The plant allegedly did not comply with the performance standards because the plant as built does not produce the specified quantity of water.

The Commonwealth contends that the failure of the plant to produce the specified quantity of water is a breach of the contract and that Hartford, as the surety for performance of the contractor, is therefore either liable for the full obligation of the bond or should complete the contract at its own expense.

Hartford argues by way of its preliminary objections in the nature of a motion to strike off the complaint and for a more specific pleading, that the Commonwealth has no cause of action upon which relief may be granted because the contract includes a liqui-

dated damages or limitation of damages provision,[1] and therefore the claim for monetary relief as damages is not in conformity with the law and therefore is impertinent under Pa. R.C.P. No. 1017(b)(2).

We first must consider the question of whether or not this preliminary objection in the nature of a motion to strike off the complaint because of an alleged improper and impertinent claim of damages is appropriate. Our Supreme Court in *Hudock v. Donegal Mutual Insurance Company*, 438 Pa. 272, 277 n. 2, 264 A.2d 668, 671 n. 2 (1970) has noted that the question as to which preliminary objection, if any, is appropriate for raising this issue has never been decided by that Court and that lower courts have reached inconsistent answers to the problem. The Court did, however, suggest as follows:

In our opinion an allegation of damages or a prayer for damages which are not legally recoverable in the cause of action pleaded is impertinent matter in the sense that it is irrelevant to that cause of action. Thus, a preliminary objection in the nature of a *motion to strike off impertinent matter,* such as was done in the case at bar, would appear to be the appro-

---

[1] This clause provides in pertinent part as follows:

(G-13, 5-12) The guarantee shall specifically stipulate that the Department shall be entitled to withhold up to ten percent (10%) of the total of Contract No. 13 until, in the opinion of the Engineers, the conditions outlined under paragraph G-13, 5-11, subparagraph (a) have been met. The Contractor further shall guarantee that he shall make all modifications necessary and perform all work required to modify or change the process in order to provide for the required results. If at the end of the year's operational period it is determined by the Engineers that the conditions of this guarantee cannot be met, then the Contractor hereby agrees to forfeit the payment of monies retained or withheld.

riate means through which to challenge an erroneous prayer for damages. (Emphasis added.)

*Hudock v. Donegal Mutual Insurance Company, supra.* In this case, the preliminary objection is in the nature of a motion to strike off the complaint. We do not believe, however, that the possible pleading of improper damages justifies striking the entire complaint. *See Spadel v. Zarlinski,* 39 D. & C. 2d 452 (1966), *noted in Hudock v. Donegal Mutual Insurance Company, supra,* 438 Pa. at 277 n. 2, 264 A.2d at 671 n. 2, and *cited with approval in Klemow v. Time Incorporated,* 466 Pa. 189, 195 n. 6, 352 A.2d 12, 15 n. 6 (1976). In fact, there is some authority for the proposition that, even if the pleading of damages was impertinent matter, that matter need not be stricken but may be treated as "mere surplusage" and ignored. *Goodrich-Amram 2d* §1017(b):8 (1976) and cases cited therein. Moreover, it is not clear whether or not this so-called "liquidated damages" provision in the contract is applicable here for several reasons. First of all, the Commonwealth maintains that the provision is operative only after the project is completed and accepted, which allegedly has not occurred. Secondly, it argues that this is not a valid liquidated damages provision but rather is in the form of a penalty and therefore is void and unenforceable.[2] Thirdly, it is alternatively argued that even if this is a valid liquidated damages clause, it is applicable only to minor correctable defects in per-

---

[2] "Liquidated damages" is the sum which a party to a contract agrees to pay if he breaks some promise and which, having been arrived at by good faith effort to estimate in advance actual damage that will probably ensue from breach, is recoverable as agreed damages if breach occurs, whereas a "penalty" is not a pre-estimate of probable damages but is in the form of a punishment designed to prevent breach. *In Re Plywood Company of Pennsylvania,* 425 F.2d 151 (3rd Cir. 1970).

formance and that in the event of major material breaches, the right to full recovery is reserved.[3] Inasmuch, therefore, as this matter is only in the pleading stage and it has not been established whether or not there is any defect at all, a minor correctable defect, or a major material breach of the contract, it would be difficult at best to determine whether or not the damages claimed and relief sought are impertinent.[4] Furthermore, the right of a court to strike impertinent matter should be sparingly exercised and only when a party can affirmatively show prejudice. *Goehring v. Harleysville Mutual Casualty Co.*, 73 D. & C. 2d 784 (1976); *Southeastern Pennsylvania Transportation Authority v. Philadelphia Transportation Co.*, 38 D. & C. 2d 653 (1965); *Curwood v. Curwood*, 38 D. & C. 2d 571 (1964). Whether or not the damages as claimed are relevant will not change the result, and we will therefore dismiss Hartford's motion to strike off the complaint.

Hartford's other preliminary objections, in the nature of a motion for a more specific pleading and a

---

[3] Paragraph 9(b) of part K of the contract provides in pertinent part:

> The Commonwealth shall not be precluded or estopped from demanding and recovering from the Contractor and/or his Surety such damages as may be sustained by reason of the Contractor's failure to comply with the provisions of the Contract or on account of any over-payments made to the Contractor.

[4] For example, in order to determine whether or not a stipulated sum named in an agreement as a forfeiture for noncompliance is intended as a penalty or as liquidated damages, it is necessary to look at the language of the contract, its subject-matter, the intention of the parties as gathered from all its provisions, the ease or difficulty in measuring the breach in damages, and from the whole to gather the view which equity and good conscience require should be taken of the case. *Bruno v. Pepperidge Farm, Inc.*, 256 F. Supp. 865 (E.D. Pa. 1966); *March v. Allabough*, 103 Pa. 335 (1883); *Streeper v. Williams*, 48 Pa. 450 (1865).

demurrer, are based upon the same argument, *i.e.,* that the Commonwealth has no cause of action because its remedy has been agreed upon in the "liquidated damages" provision in the contract. It is clear that, in ruling upon preliminary objections in the nature of a demurrer, this Court must accept all well-pleaded facts in the complaint as true and all inferences reasonably deducible therefrom. *Wells v. Pittsburgh Board of Public Education,* 31 Pa. Commonwealth Ct. 1, 374 A.2d 1009 (1977). Furthermore, while a demurrer may be used to test whether or not a cause of action is stated, it may not be used to test the limits of liability. *General State Authority v. Sutter Corporation,* 24 Pa. Commonwealth Ct. 391, 356 A.2d 377 (1976). A demurrer can be sustained only when it is clear that the complaint sets forth no cause of action upon which the law can permit a recovery and the Court must overrule the demurrer if doubt exists as to the propriety of dismissing the complaint. *Matschener v. City of Pittsburgh,* 36 Pa. Commonwealth Ct. 69, 387 A.2d 954 (1978); *Wells v. Pittsburgh Board of Public Education, supra.* We cannot therefore sustain Hartford's demurrer.

We also believe that the motion for a more specific pleading is without merit because the complaint does appear to us as sufficiently specific to advise the defendant as to what action is deemed improper and to permit the defendant to prepare a defense. *Maddux v. Department of Agriculture, Bureau of Animal Industry,* 35 Pa. Commonwealth Ct. 386, 386 A.2d 620 (1978).

The other preliminary objections before us are in the nature of a demurrer by the additional defendant Chem-Seps to Hartford's third-party complaint. Chem-Seps argues that Hartford has set forth no cause of action because it seeks total indemnification

whereas the subcontract provision either limits the amount of liability for damages or provides a "liquidated damages" sum which was up to 10% of the contract price in the event of failure to meet the performance specifications. We must reiterate that a demurrer may not be used to test the limits of liability, *General State Authority v. Sutter Corporation, supra,* and we cannot therefore sustain Chem-Seps' demurrer in this matter.

### Order

And Now, this 24th day of January, 1979, the preliminary objections filed by The Hartford Accident and Indemnity Company and the Chemical Separations Corporation in the above-captioned matter are hereby dismissed and they are directed to file an answer within twenty (20) days.