## Lynn v. Batesville Casket Co., Inc.

*John R. Miller, Jr.*, for plaintiff.

*Dennis O. Reiter*, for Batesville Casket Co., Inc.

*Robert J. Sarno*, for George Molden.

OPINION BY BROWN, P.J., MARCH 16, 1981:

Edward Morris, husband of plaintiff, died on November 1, 1971. Defendant George Molden, trading and doing business

as Molden Funeral Home, was entrusted with the remains for the purposes of handling the body for interment in a mausoleum in the Boalsburg Cemetery, Harris Township, Centre County, Pennsylvania. A Batesville Protective Casket was purchased from defendant Batesville Casket Co., Inc., to be used for the purpose of containing the body in the mausoleum. Defendant Molden performed the services and the body was placed in the mausoleum.

On or about September 7, 1978, after a liquid was detected emanating from the mausoleum, the mausoleum was opened and it was discovered that fluids had leaked from the decedent's body through the casket, penetrating and staining the mausoleum, and causing an offensive odor. Defendant Molden was notified and he attempted to remove the odor and stains from the mausoleum. It is averred that these efforts were unsuccessful. The mausoleum was then removed and replaced with a new casket and mausoleum.

Plaintiff initiated this action by writ of summons in trespass and assumpsit, issued May 20, 1980, naming as original defendants Batesville Casket Co., Inc., and George Molden, trading as Molden Funeral Home. On August 20, 1980, plaintiff filed a complaint in five counts.

Counts I and II are against defendant Batesville Casket and seek recovery for breach of both express and implied warranties attendant to the manufacture and sale of the casket and for negligence in design and manufacture of the casket. Counts III and IV are directed against defendant Molden and seek damages for breach of contract and negligence relative to the embalming, handling and interment of the remains of plaintiff's deceased husband.

Count V is directed against both original defendants and seeks recovery for the emotional distress which plaintiff allegedly suffered as a result of the actions of said defendants. Both defendants filed timely preliminary objections to Count V.

Although of no consequence to the disposition of these preliminary objections, both original defendants filed complaints against additional defendants Koch Funeral Home, Inc.; Boalsburg Cemetery; Mayes Memorials; and Rock of Ages.

Both original defendants in this action filed preliminary objections in the nature of a demurrer and motion to strike to the aforementioned Count V. They assert that under Pennsylvania law, recovery for emotional distress in cases involving dead bodies requires intentional or wanton acts on the part of the defendant. It is argued that there are no averments of intentional or wanton acts on the part of defendants here, nor any facts pled from which such conduct can be inferred.

Defendants are correct in their assertion that, under Pennsylvania law, as it presently exists, intentional or wanton acts must have taken place for a plaintiff to recover damages for emotional distress in a case involving a dead body. This rule of law was adopted by the Pennsylvania Supreme Court in *Papieves, et ux. v. Kelly,* 437 Pa. 373, where the court recognized the *Restatement of Torts,* Section 868 (1939), as controlling the right of recovery in cases of this nature. That section pertinently provides:

> "A person who wantonly mistreats the body of a dead person or who without privilege intentionally removes, withholds or operates upon the dead body is liable to the member of the family of such person who is entitled to the disposition of the body."

This rule has been followed in more recent cases with factual situations more closely akin to that involved in the case sub-judice: *Sincovich v. Peterson,* 7 D.&C. 3d 371.

The standards for sustaining preliminary objections in the nature of a demurrer are strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed, as well as all inferences reasonably deducible therefrom, but not conclusions of law. In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that its claim cannot be sustained and the law will not permit recovery . If there is any doubt, this should be resolved in favor of overruling the demurrer: *Gekas v. Shapp,* 469 Pa. 1.

In this case, our careful reading of the pleadings as to both original defendants does not reveal any factual averments from which intentional or wanton acts of mistreatment of plaintiff's deceased husband's body can be inferred. Throughout the various counts of the complaint, acts which are alleged to be in breach of warranty and constituting negligence are

alleged and characterized as such. Our prior discussion of the law indicates that cases involving dead bodies follow a more stringent rule with regard to the recovery of damages for emotional distress than those cases in which distress typically followed the accident witnessed by a loved one, where reasonable foreseeability of emotional distress now seems to be the rule. With the more stringent rule of recovery comes the problems of pleading a cause of action which satisfies the court that acts falling within the purview of the stringent rule have taken place. Here we are not so satisfied.

Both original defendants have also filed a motion to strike Count V of plaintiff's complaint. Our prior disposition of their demurrers to Count V renders this question moot.

The final preliminary objection which remains for our disposition is defendant Molden's motion to strike paragraph 17 of plaintiff's complaint. Said paragraph alleges as damages the cost of a new mausoleum ($7,246) and resulting costs of installation ($206.70). It is argued by defendant Molden that recovery for damages to personal property, even if permanently destroyed, is measured by the original cost minus depreciation and salvage value, citing as authority *Denby v. Northside Carpet Cleaning Co.*, 257 Pa. Super. 73.

While we may be inclined to agree that certain items claimed as damages would not be recoverable in trespass, we feel that the items of damages listed in paragraph 17 are not improper in an action in assumpsit so long as (1) they were such as would naturally or ordinarily result from the breach; (2) they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract, and (3) they can be proved with reasonable certainty: *Taylor v. Kaufhold*, 368 Pa. 538; *Board v. Bell Telephone Co. of Pennsylvania*, 60 Lanc. 497. Thus, we will not strike paragraph 17 from Counts I and III of plaintiff's complaint (said counts constituting actions in assumpsit).

Furthermore, while certain items of damages claimed in paragraph 17 may not be recoverable in an ordinary action in trespass, we are hesitant to strike off said paragraph at this stage of the proceedings, where it has not been established to what extent any negligence of defendants rendered the mau-

soleum unusable. This makes it difficult, at best, to determine whether or not the relief sought is impertinent. Even if the pleading of certain damage items were impertinent, such items need not be stricken but may be treated as "mere surplusage" and ignored: *Commonwealth, Department of Environmental Resources v. Hartford Accident and Indem. Co.*, 40 Pa. Cmwlth. 133. Moreover, the right of a court to strike impertinent matter should be sparingly exercised and done only when a party can affirmatively show prejudice: *Goehring v. Harleysville Mutual Casualty Co.*, 73 D. & C. 2d 784. Defendant Molden has not shown such prejudice as would compel us to grant the motion to strike.