568 A.2d 294

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Petitioner,**

v.

**INTERSTATE CONTRACTORS SUPPLY COMPANY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 1989.

Decided Jan. 2, 1990.

James W. Kutz, Asst. Counsel, John L. Heaton, Chief Counsel, Harrisburg, for petitioner.

Jeffrey W. Whiteko, Uniontown, Cary D. Jones, Clarence A. Crumrine, Jr., McCreight, Marriner & Crumrine, Washington, for respondent.

Before DOYLE and BARRY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation (Department) appeals from an order of the Board of Claims (Board), which entered judgment in favor of Interstate Contractors Supply Company (Interstate), finding that the liquidated damages clause in the parties' contract constituted a penalty. We reverse.

This matter involves a February 24, 1986 contract between the Department and Interstate for the painting and cleaning of six Allegheny County bridges. The Department issued the Notice to Proceed with the project at Interstate's request on April 2, 1986, six days prior to the anticipated time listed in the contract. The contract was to be completed within sixty-one consecutive days, making the projected date of completion June 1, 1986.

In its opinion, the Board stated that it rained or snowed for twenty-seven days out of the sixty-one. In fact, because of the weather prior to April 10, 1986, Interstate did not begin work until that date. Also, as a result of the May 30, 1986 flooding in western Pennsylvania, two of the six bridges were damaged, requiring extra work. However, the Department granted a seven-day extension and issued a change order in the amount of $2,597.78 for the additional work required. Interstate did not complete the initial work on the contract until July 25, 1986. Pursuant to Section 108.07 of the Department's Form 408 Specifications incorporated into the parties' contract, the Department could assess liquidated damages at a rate of $200 per day if the contractor failed to complete the project within the specified work period. The Deputy Secretary of Highway Administration could decrease the sum by three-fourths after the contractor had completed a significant amount of the required work. Accordingly, the Department imposed liquidated damages on Interstate at $200 per day for forty-seven days and at $50 per day for eight days, for a total of $9,800.

However, it later gave credit in the amount of $1,200 at $200 per day for six days, due to its early issuance of the Notice to Proceed.

The issue before the Board was whether the Department's liquidated damages assessment of $8,600 for Interstate's tardiness was proper. On September 9, 1988, the Board entered judgment in favor of Interstate in that amount, with interest at the local rate of 6% per annum beginning with July 20, 1987. In finding that the liquidated damages clause constituted a penalty, the Board stated that the liquidated damages assessed were not an estimate of probable damages, but instead a form of punishment designed to prevent breach. As per its opinion, the Board's rationale was that the Department did not allow any extension days due to the weather, except for the seven-day extension for flood damage. Additionally, the Board based its decision on the Department failing to show actual damages, seeming satisfied with the work itself and issuing no complaint.

The Department first argues that the Board committed an error of law in finding that the liquidated damages clause constituted an unenforceable penalty. We agree.[1]

■ In determining whether a liquidated damages clause is an unenforceable penalty, one must examine the entire contract in light of its text, what it is about, the parties' intentions, and the facility of measuring damages or lack thereof, so as to arrive at an equitable conclusion. *Department of Environmental Resources v. Hartford Accident and Indemnity Co.*, 40 Pa.Commonwealth Ct. 133, 396 A.2d 885 (1979). In the *Hartford* case, we held that because the matter was only in the pleading stage, it would be almost impossible to determine whether the liquidated damages were in the nature of a penalty, due to an unavailability of information on the existence and extent of defects. How-

1. We note that our scope of review in this matter is limited to determining whether (1) constitutional rights were violated, (2) an error of law was made or (3) all crucial findings of fact were supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

ever, in a Pennsylvania Superior Court case more factually analogous to this case, sufficient data existed for such a determination.

That case involved a municipal authority assessing liquidated damages against a contractor for failure to complete the work within the contractual time period. *Sutter Corp. v. Tri–Boro Municipal Authority*, 338 Pa.Superior Ct. 217, 487 A.2d 933 (1985). The work was to be completed within three hundred sixty-five days after the issuance of the Notice to Proceed. Because it was not, that court stated that "the plain language of the contract needs no interpretation. Plaintiff simply did not complete the work until December 1, 1976." *Id.*, 338 Pa.Superior Ct. at 222, 487 A.2d at 935. Additionally, the *Sutter* court found that the liquidated damages clause was not unconscionable because Sutter was an experienced contractor, whose officers understood the nature of the contract to construct a sewage treatment plant.

■ As per *Hartford* and *Sutter*, one of the factors to be considered is the actual text of the contract. Contrary to both cases, the Board has ignored the plain language of Section 111.01 of the Form 408 Specifications, incorporated into the contract, which provides the following: "Compensable Delays—The Department is responsible for delay damages arising only from delays created by its negligent act or omissions. Unless otherwise specified, assume the risk of damages from all other causes of delay." Here, it has not been otherwise specified that the burden was to shift from Interstate to the Department. Also, this Court has held that unless the parties by contract have indicated otherwise, the contractor is presumed to undertake the burden of unanticipated happenings, absent an Act of God,[2] the law or actions of the other party. *Department of General Servic-*

2. Interstate contends that an Act of God did occur in the form of the May 30, 1986 flooding. We agree that the flooding probably did constitute an Act of God, but the rainy and snowy days which occurred within the contractual period did not rise to that level. Significantly, the Department did not include in its liquidated damages calculation any days when the Act of God made it impossible to work.

*es v. Osage Co.,* 24 Pa.Commonwealth Ct. 276, 355 A.2d 845 (1976). Therefore, the text of the contract and the caselaw on who bears the burden of unforseen events supports the enforceability of the liquidated damages clause.

Another factor to analyze in the determination of whether a liquidated damages clause constitutes a penalty is the subject-matter of the contract. As stated above, this contract involved the painting and cleaning of six Allegheny County bridges in the months of April and May. Like the contractor in *Sutter,* Interstate is an experienced contractor who should have known approximately how many working days it would have, due to the prohibition forbidding work on Sundays and holidays and the unpredictability of spring-time weather. Therefore, the subject-matter of the contract also supports the enforceability of the liquidated damages clause.

The factors which the Board does cite as its rationale for the penalty finding do not correlate with the items the *Hartford* court directs one to examine. For example, the Board finds the apparent absence of actual damages to be very indicative that the liquidated damages clause is penal in nature. However, the *Sutter* court held that, in general, there is no requirement that actual damages be shown so that liquidated damages may be recovered. Therefore, the Board's reliance on this factor was misplaced.

The Board was also persuaded by the Department's failure to express dissatisfaction with the work or to issue some sort of formal complaint. However, there is no requirement in the contract that the assessment of liquidated damages be contingent upon the Department manifesting its displeasure with the work in any manner. The parties' intentions, as evidenced by the contract's language, was to permit the Department to assess liquidated damages in the case of delay, not dissatisfaction. Hence, these two considerations were irrelevant in light of the *Hartford* case.

Therefore, because we find that the Board erred as a matter of law in imposing the burden of inclement weather

on the Department and in not considering the proper factors, as enumerated in the *Hartford* case, we reverse.

## ORDER

AND NOW, this 2nd day of January, 1990, the order of the Board of Claims in the above-captioned matter is hereby reversed.