## Poole Anderson Construction LLC
## v. Kuber Hospitality LLC

*Jonathan H. Rudd,* for plaintiff.

*Thomas A. Beckley* and *John G. Milakovic,* for defendant.

BROWN JR., *P.J.,* March 26, 2007—Before the court is a preliminary objection filed by defendant Kuber Hos-

pitality LLC. For the reasons which follow, this court overrules the preliminary objection.

## HISTORY

Plaintiff Poole Anderson Construction LLC and defendant Kuber Hospitality LLC entered into a written contract on February 12, 2005, whereby plaintiff agreed to serve as contractor for defendant's project (a hotel in Lamar, Clinton County, Pennsylvania) in return for payment. Pursuant to that contract, plaintiff commenced work on the project. On December 11, 2006, plaintiff filed a complaint against defendant to recover payment due as a result of defendant's alleged termination of the contract for convenience, which was communicated to plaintiff via e-mail dated March 14, 2005. (Amended compl. ¶13.) Defendant filed preliminary objections on December 27, 2006. Plaintiff responded by filing an amended complaint on January 18, 2007.

Plaintiff's amended complaint alleges defendant terminated the contract for convenience, thereby entitling plaintiff to payment for work executed, costs incurred by reason of termination, reasonable profit and overhead on future work not executed, and (as a result of defendant's refusal to pay) interest, penalties and attorneys' fees pursuant to the Contractor and Subcontractor Payment Act, 73 P.S. §501 et seq. Defendant filed a preliminary objection on March 1, 2007, which is at issue now. Specifically, defendant has moved to strike plaintiff's request for interest, penalties and attorneys' fees from the amended complaint, pursuant to the Payment Act.

## DISCUSSION

In its preliminary objection, defendant has moved to strike plaintiff's request for Payment Act remedies as an impertinent matter based on the argument that such remedies are not applicable to the facts of this case. This court disagrees with defendant that plaintiff's request for Payment Act remedies are impertinent.

Rule 1028(a)(2) of the Pennsylvania Rules of Civil Procedure specifies that a preliminary objection may be filed to a pleading that includes impertinent matter. However, "the right of a court to strike impertinent matter should be sparingly exercised and only when a party can affirmatively show prejudice." *Commonwealth, Department of Environmental Resources v. Hartford Accident and Indemnity Company,* 40 Pa. Commw. 133, 138, 396 A.2d 885, 888 (1979).

Defendant does not show any prejudice suffered as a result of plaintiff's request for Payment Act remedies in the amended complaint. In its brief filed on March 1, 2007, defendant only disputes plaintiff's reasons for seeking Payment Act remedies. Therefore, defendant has not met its burden of affirmatively showing plaintiff's pleading is prejudicial, and the court must overrule defendant's preliminary objection.

In *Hartford Accident,* the Commonwealth Court was charged with deciding whether or not to sustain defendant's preliminary objection which argued that the damages plaintiff sought were impertinent and should be stricken from the complaint. The court overruled the preliminary objection reasoning that the case was "only

10

in the pleading stage and . . . it would be difficult at best to determine whether or not the damages claimed and relief sought are impertinent." *Id.*

Similarly, this case is only in the pleading stage. Therefore, it would be difficult to determine whether or not the Payment Act remedies sought by plaintiff would be impertinent, especially considering defendant has not shown any prejudice. Consequently, the court overrules defendant's preliminary objection.

Even in a light most favorable to defendant, defendant's preliminary objection should be overruled. As the Commonwealth Court explains *Hartford Accident,* even if the Payment Act remedies in the amended complaint are considered impertinent, "[the remedies] need not be stricken but may be treated as 'mere surplusage' and ignored." *Id.* at 137, 396 A.2d at 888.

### ORDER

And now, March 26, 2007, defendant Kuber Hospitality's preliminary objection is overruled. Defendant is granted 30 days from the date of this order to file a responsive pleading.